# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-0354
LT Case No. 2024-10067-MHDL

_____

C.W.R.K.,

    Appellant,

    v.

STEWART MARCHMAN ACT
BEHAVIORAL HEALTHCARE
(SMA), DELAND MEN'S
RESIDENTIAL TREATMENT
CENTERS (DMRT),  et al.,

    Appellees.

_____


On appeal from the Circuit Court for Volusia County.
Mary G. Jolley, Judge.

Richard F. Joyce, Special Assistant Regional Counsel, of the
Office of Criminal Conflict and Civil Regional  Counsel,
Casselberry, for Appellant.

No Appearance for Appellee, Stewart Marchman Act Behavioral
Healthcare (SMA).

No Appearance for Appellee, Deland Men's Residential
Treatment Centers (DMRT).

June 12, 2024


KILBANE, J.

C.W.R.K. ("Appellant"), an adult, appeals a final order of the trial court for involuntary treatment entered pursuant to section 397.697(1), Florida Statutes (2023). Because the trial court failed to follow the governing statute, we reverse and remand for a new hearing.

## Facts

S.G., the service provider, filed a petition for involuntary treatment alleging that Appellant is unable to remain sober without being mandated to engage in treatment, Appellant's continued use of illicit substances will most likely have lethal consequences, and Appellant is incapable of appreciating the need for care or make a rational decision regarding the need for care.

A hearing on S.G.'s petition was held over two days. At the end of the first day of the hearing, Appellant's counsel argued that there was no testimony from a qualified professional who executed the involuntary services certificate as section 397.6957(3) requires. Without a request from the petitioner, and over Appellant's objection, the trial court continued the hearing so the qualified professional could appear and testify.

On the second day of the hearing, the petitioner was not present, but the health care professional who executed the involuntary services certificate appeared as a witness. The trial court began a colloquy with the health care professional and asked various questions going to the heart of the issues raised in the petition. The health care professional indicated that mandating follow-through with treatment was necessary. Appellant's counsel objected on the basis that the petitioner was not present, and it was the petitioner's burden to present the case. The court overruled the objection and granted the petition.

## Analysis

Whether the trial court violated the Marchman Act by granting a petition for involuntary services when the petitioner does not appear and present evidence is a question of law reviewed de novo. *J.C. v. State*, 293 So. 3d 627, 628 (Fla. 5th DCA 2020).

Upon the filing of a petition under Florida's Marchman Act, the trial court must schedule a hearing. § 397.6955(2), Fla. Stat. At the hearing, the burden of proof is "on the petitioner to establish the requirements for involuntary treatment by clear and convincing evidence." *J.C.*, 293 So. 3d at 628 (citing § 397.6957(2), Fla. Stat. (2019)). Additionally, "[o]ne of the qualified professionals who executed the involuntary services certificate *must be a witness.*" § 397.6957(3), Fla. Stat. (2023) (emphasis added). As such, it is reversable error for the trial court to grant a petition without the testimony of a qualified professional who executed the involuntary services certificate. *See J.W. v. R.W.*, 351 So. 3d 1243, 1244 (Fla. 5th DCA 2022).

The circumstances of this case are strikingly similar to *J.C.* where we reversed the order for involuntary substance abuse treatment explaining: "At the hearing in question, the trial court called the sole witness and examined him, thereby developing the testimony on which it would rely in granting the petition for involuntary treatment. In doing so, the court failed to follow the applicable statute by essentially functioning as the absent petitioner." 293 So. 3d at 628. Here, the trial court continued the hearing to allow the health care professional, a statutorily required witness, to testify. In the absence of the petitioner on the second day of the hearing, the court called and examined the health care professional to develop the testimony on which it would rely in granting the petition.[1]

---

[1] We note that "[t]rial judges must be fair, impartial, and disinterested participants in the proceedings." *Johnson v. State*, 114 So. 3d 1012, 1013 (Fla. 5th DCA 2012) (citing *Vaughn v. Progressive Cas. Ins. Co.*, 907 So.2d 1248, 1253 (Fla. 5th DCA 2005)). While judges are not foreclosed from asking questions "designed to make previously received ambiguous testimony clear," such ability is not an invitation to supply essential elements in the case. *Sears v. State*, 889 So. 2d 956, 959 (Fla. 5th DCA 2004) (citing *McFadden v. State*, 732 So. 2d 1180, 1185 (Fla. 4th DCA 1999)).

## <u>Conclusion</u>

The trial court failed to follow the governing statute when, in the absence of the petitioner, it called and questioned the health care professional who executed the involuntary services certificate. Accordingly, we reverse and remand for a new hearing. *See R.S. v. C.P.T.*, 333 So. 3d 1190, 1192 (Fla. 5th DCA 2022) (remanding for new hearing where appellant was deprived of fair hearing).

REVERSED and REMANDED with instructions.

WALLIS and HARRIS, JJ., concur.

4

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____